UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2015 MAY -7  AM 10: 24
CLERK'S OFFICE
AT GREENBELT
BY_____ DEPUTY

| | |
|---|---|
| SANDRA PRUITT<br>1501 Deer Run Court<br>Mitchellville, Maryland 20721 | *<br>*<br>* |
| Plaintiff, | * |
| v. | * Civil Action No. _____ |
| WELLS FARGO BANK, N.A. | * |
| SERVE:<br>CSC-Lawyers Incorporating Svc. Co.<br>7 St. Paul Street, Suite 1660<br>Baltimore, Maryland  21202 | *<br>*<br>* |
| HSBC BANK USA, NATIONAL ASSOCIATION | * |
| SERVE:<br>The Corporation Trust Incorporated<br>351 West Camden Street<br>Baltimore, Maryland 21202 | *<br>*<br>* |
| Defendants. | * |

DKC15 CV 1308

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## NOTICE OF REMOVAL

Defendant, HSBC Bank USA, National Association, as Trustee for DBALT 2005-AR1, by its undersigned attorneys, hereby files this Notice of Removal, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes this civil action from the Circuit Court for Prince George's County, Maryland to this Honorable Court, and states as follows:

1.   On March 9, 2015, Plaintiff, Sandra Pruitt ("Plaintiff"), filed a Complaint (the "Complaint") against HSBC Bank USA, National Association as Trustee for DBALT 2005-AR1 ("HSBC-Trustee") and Wells Fargo Bank, N.A. ("Wells Fargo") (collectively, the "Defendants") in the Circuit Court for Prince George's County, Case No. CAL15-04389 (the "State Court

Action"). A copy of the Summons, Complaint and accompanying exhibits filed in the State Court Action are attached hereto as **Exhibit A.**

2. Service was made upon HSBC-Trustee's resident agent on April 7, 2015. *See* **Exhibit B**, The Corporation Trust Incorporated Service of Process Transmittal.

3. Pursuant to 28 U.S.C. § 1446(b), this case is removable within thirty (30) days of receipt of service by a defendant. Thus, given the April 7, 2015 date of service upon HSBC-Trustee, this Notice of Removal is timely.

4. This Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332 for the following reasons.

5. Plaintiff admits that she is a resident of Maryland, thus, upon information and belief, Plaintiff is also a citizen of Maryland. *See* **Exhibit A**, Complaint at ¶ 2.[1]

6. HSBC-Trustee is a national banking association organized under the laws of the United States. Its principal place of business is located at 1800 Tysons Boulevard, Suite 50, McLean, Virginia 22102. *See* **Exhibit C**, National Information Center Report.[2]

7. Wells Fargo Bank, N.A. is a national banking associations organized under the laws of the United States. Its principal place of business is located at 101 North Phillips Avenue, Sioux Falls, South Dakota, 57104. See **Exhibit D**.[3]

---

[1] The Plaintiff does not allege the nation of her citizenship. Pursuant to the U.S. Constitution, Amend. XIV, Section 1, "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and the State wherein they reside." Accordingly, Plaintiff is either a citizen of Maryland under the U.S. Constitution, or a non-citizen residing in Maryland.

[2] The Court may consider matters beyond the Complaint on a Removal Petition. *Medina v. Provident Life & Acc. Ins. Co.*, Case No. L-10-3146, 2011 WL 249502, at *3 (D. Md., Jan. 24, 2011). Further, the Court may take judicial notice of a public record. *Capel v. Countrywide Home Loans, Inc.*, Case No. WDQ–09–2374, 2010 WL 457534, *1, n.5 (D. Md., Feb. 3, 2010). The National Information Center maintains current financial institution information collected by the Federal Reserve System.

[3] *See* n. 2 *supra.*

8. The Supreme Court of the United States held in *Wachovia Bank, N.A. v. Schmidt* that a national bank is "located," for diversity jurisdiction purposes, in the state designated in its articles of association as the locus of its main office, not in every state where it has branch offices. 546 U.S. 303, 318, 126 S. Ct. 941, 951-52, 163 L. Ed. 2d (2006). Accordingly, for diversity jurisdiction purposes, HSBC-Trustee is a citizen of Virginia, the state in which its principal offices are located. Further, Wells Fargo is a citizen of the State of South Dakota for diversity jurisdiction purposes.

9. Thus, there is diversity of citizenship between the parties to this action.

10. The amount in controversy requirement of 28 U.S.C. § 1332 is satisfied based on the relief sought in the Complaint. While Plaintiff does not plead a specific amount of monetary damages, Plaintiff seeks a judgment declaring that the Defendants, including HSBC-Trustee, as Trustee for the holder of the Note, have no interest in a Promissory Note in the amount of $152,250.00 executed by Plaintiff. *See* **Exhibit A**, Complaint at ¶ 70(c); *see also,* **Exhibit E**, Corporate Assignment of Deed of Trust. Therefore, the value of this litigation is measurable by value of the Note to HSBC-Trustee. *Marchese v. JPMorgan Chase Bank, N.A.*, 917 F. Supp. 2d 452, 461 (D. Md. 2013).[4]

11. Furthermore, Maryland Rule 2-305 supports that the Amount in Controversy exceeds $75,000.00. Maryland Rule 2-305 states:

> A pleading that sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain a clear statement of the facts necessary to constitute a cause of action and a demand for judgment for the relief sought. Unless otherwise required by law, *(a) a demand for a money judgment that does not exceed $75,000 <u>shall include</u> the amount of damages sought, and (b) a demand for a money judgment that exceeds $75,000 shall not specify the amount sought*, but shall include a general statement that the amount sought exceeds $75,000. Relief in the alternative or of several different types may be demanded.

---

[4] Wells Fargo services the Plaintiff's Mortgage on behalf of HSBC-Trustee. *See* **Exhibit A**, Complaint ¶ 3.

(Emphasis added). Here, the Complaint does not specify the amount of damages sought. *See* **Exhibit A**, Complaint ¶ 70. In light of Maryland Rule 2-305, the implication is that the Plaintiff seeks over $75,000 in damages.

12. Accordingly, this Court has jurisdiction over this controversy under 28 U.S.C. § 1332, because there is diversity of citizenship amongst the parties and the amount in controversy exceeds the jurisdictional requirement stated in 28 U.S.C. § 1332(b).

13. A genuine and authentic copy of all process, pleadings, and orders served upon HSBC-Trustee in the State Court Action is attached hereto collectively as **Exhibit A**, and has also been provided to the Clerk of the Court with this filing in PDF format on disk, pursuant to the Rules of this Court.

14. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal has been served upon all parties and filed with the Clerk of the Circuit Court for Prince George's County. *See* **Exhibit F**.

15. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all Defendants consent to the removal of this action.

16. As of the time of filing this Notice of Removal, no party has filed a response or entered an appearance in the State Court Action.

WHEREFORE, Defendant, HSBC Bank USA, National Association, as Trustee for DBALT 2005-AR1, hereby removes this civil action to the United States District Court for the District of Maryland, Southern Division.

Respectfully submitted,

Russell J. Pope, Bar No. 03645
Sarah E. Meyer, Bar No. 29448
TREANOR POPE & HUGHES, P.A.
500 York Road
Towson, Maryland 21204
(410) 494-7777
(410) 494-1658 (facsimile)
rjpope@tph-law.com
semeyer@tph-law.com

*Attorneys for Defendant, HSBC Bank USA, National Association as Trustee for DBALT 2005-AR1*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 6, 2015, a copy of the foregoing Notice of Removal was sent by first class U.S. Mail, postage prepaid, to:

Sandra Pruitt
1501 Deer Run Court
Mitchellville, Maryland 20721

*Plaintiff, Pro Se*

Sarah E. Meyer, Bar No. 29448